## BINKLEY v STRAWSER

Ohio Appeals, 4th Dist, Pickaway Co

Decided Nov 16, 1931

Mr. Tom A. Renick, Circleville, for plaintiff.

Messrs. F. N. R. Redfern, Adelphi, and C A. Weldon, Circleville, for defendant.

**BLOSSER, J.**

The evidence discloses that the streets and alleys as platted were not to be opened until all the lots were sold. The evidence further discloses that there was no acceptance of these streets and alleys by any proper authority and also that all of the lots were not sold. The alleged alley over which the plaintiff claims the right of ingress and egress is adjacent to the south side of his premises and forms part of a field belonging to the defendant. The plaintiff claims that for a period of forty nine years he has had open, adverse and continuous use of said alley as a means of ingress and egress and that this adverse use has ripened into an easement by prescription. The evidence presented to establish this right is not satisfactory.

"An easement by prescription may be acquired by open, notorious, continuous, adverse use for a period of twenty one years. such use never ripens into a prescriptive right unless the use is adverse and not merely permissive."

111 Oh St 341.

If the use was permissive it was a mere license which could be revoked at any time by the licensor or his grantee. **Rodefer v Railroad Co, 72 Oh St 272, Yeager v Tunning, 79 Oh St 121.**

"The burden of showing title by adverse possession rests upon him who asserts it. An entry adverse to the lawful possessor is not to be presumed; it must be proven. Proof of legal title is prima facie evidence of a right to enter and enjoy. This presumption may be rebutted by him who sets up an adverse claim whether under the statute of limitation or otherwise."

**1 Ohio Jur, page 574.**

The evidence as to whether the plaintiff's use was adverse or permissive is conflicting. The defendant had the legal title to the premises in question and had the same enclosed and paid taxes thereon. In the various conveyances of the premises the so-called alley was not excepted. There was no attempt at any time to gravel or improve it. The evidence of Mr. Armstrong and Rev. Fields indicates that the use was permissive. The burden of proof was on the plaintiff to establish his right by prescription by a preponderance of the evidence. The plaintiff not having established his case by a preponderance of the evidence it follows that the defendant must prevail. The use of the alleyway being merely permissive the defendant had a right to revoke the license at any time.

The plaintiff claims that he made large and expensive improvements on his property and that it is necessary to use the right of way in question to have access to the buildings. But if his use of the premises was permissive the fact that improvements have been made under a parol license does not prevent its revocation. **15 Ohio Jur 67.**

A decree may be entered in favor of the defendant dismissing the petition of the plaintiff.

MAUCK, PJ and MIDDLETON, J, concur.